# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHARLES WILLIAMS,

:

    Petitioner,

Case No. 1:11-cv-696

:

   -vs-

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

MIKE SHEETS, Warden, Warren
 Correctional Institution,

:

    Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Charles Williams brings this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from his conviction in the Hamilton County Common Pleas Court on three counts of murder with firearm specifications and one count of having weapons under disability. He pleads the following grounds for relief:

> **Ground One:** Petitioner was denied a fair trial when the trial court erred permitting the "state of mind" exception to the hearsay rule, set forth in Fed. Rule 803(3), should be limited to situations where the act performed was relevant to the ultimate issue in the case violating the Sixth Amendment rights.
>
> **Supporting Facts:** In this case, whether or not Mr. Tate engaged in sexual conduct that night was not relevant to whether Appellant shot him. The hearsay statement was used improperly to infer that another offered sex as a means to lure Mr. Tate into a robbery situation.
>
> **Ground Two:** The trial court erred violating Petitioner's right to Due process under the Fifth and Fourteenth Amendment[s] allowing an out of court statement into evidence pursuant to Evid. R. 803(1),

1

the party must establish when the perceived event occurred, when the statement was made in relation to the perceived event and that the statement was otherwise trustworthy.

**Supporting Facts:** [T]he question that Appellant raises here are how close must the statement be to the perceived event in order to fit within this exception and what qualifies as a lack of trustworthiness. Does "immediately thereafter" mean within seconds or minutes? Does it have to be within five minutes or more or less? Does it have to be within five minutes or more or less? [Sentence repeated in the original at PageID 38.] Within guidance as to the time frame, how is a trial court able to determine whether a statement falls within this exception?

**Ground Three**: The State must be required to make a prima facie showing of a conspiracy, as defined by RC 2923.01, by means other than that of the witness' testimony before the trial court can permit the introduction of an out of court statement pursuant to Evid. R. 801(D)(2)(e).

**Supporting Facts**: In this case, the trial court permitted the co-defendant, Mr. Wright, to testify as to statements made by "Junior" concerning an alleged robbery. Specifically, Mr. Wright testified that "Junior" told him there was going to be a robbery, and Mr. Wright was supposed to be the "lookout."

**Ground Four:** The trial court violated Petitioner's due process rights under the Fifth and Fourteenth Amendment[s] when it must limit the scope of our of court statements admitted, pursuant to Evid. R. 801(D)(1)(b), to situations where there has been an actual charge of recent fabrication or improper influence or motive and limited to just consistent statements necessary to rebut the alleged motive or charge.

**Supporting Facts:** In this case, the trial court permitted Ms. Russell to testify as to statements made to her by Mr. Wright. She testified that Mr. Wright told her that "dude got shot," which was apparently used by the State to show that Mr. Wright witnessed the event. Most importantly, though, was the fact that the statements that were permitted into evidence were NOT consistent with Mr. Wright's testimony nor were they used for the purpose of rebutting the fabrication or improper influence.

(Petition, Doc. No. 3.)

## Procedural History

Williams was indicted by the Hamilton County grand jury on three counts of murder with firearm specifications and one count of having weapons under disability, all arising from the shooting death of Cedric Tate. The case was tried to a jury and Williams was convicted on all counts. The trial judge merged the murder counts and the firearm specifications under Ohio Revised Code § 2941.25 and sentenced Petitioner to fifteen years for murder, three years consecutive for the firearms specification, and three further years consecutive for the weapons under disability conviction. Williams appealed to the Hamilton County Court of Appeals which upheld the conviction. The Ohio Supreme Court declined a further appeal and Williams filed his Petition in this Court.

## Procedural Default

Respondent asserts that all four of Williams' Grounds for Relief were procedurally defaulted by his failure to fairly present them as constitutional claims in the state courts (Return of Writ, Doc. No. 8, PageID 60-64). Petitioner responds "In the case at bar, although Petitioner has presented his Confrontation Clause grounds for relief (Grounds 1-4) as state law evidentiary issues, it is obvious that Petitioner was attempting to raise these claims in a constitutional manner." (Response to Return of Writ, Doc. No. 12, PageID 875). Petitioner does not mention the Confrontation Clause or the Sixth Amendment in his Petition; all his constitutional references are to the Due Process Clause of the Fifth and Fourteenth Amendments. However, Petitioner

reminds the Court of our obligation to construe *pro se* pleadings liberally. Accordingly, the Court will analyze the Petition as raising Confrontation Clause claims.

Although the relevant case law (e.g., *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), and *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)) requires us to construe liberally pleadings filed in this Court, an entirely different body of law applies to reading what was filed in the state courts. To preserve a constitutional issue for habeas consideration, a state court defendant must have "fairly presented" that claim to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a

> denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681.

The Court reviews first Appellant's Brief on direct appeal (Return of Writ, Doc. No. 8, Ex. 6, PageID 87-100). The questions sought to be presented here were raised in Williams' First Assignment of Error, which reads "[t]he trial court erred by permitting witnesses to testify as to statements made by the decedent." Williams cited to Ohio R. Evid. 801(C), 804(3), 803(1), and 805 and to *State v. Craig*, 130 Ohio App. 3d 639 (Ohio App. 1st Dist, 1998), and *State v. Brown*, 2006-Ohio-4594 (Ohio App. 10th Dist. Sept. 7, 2006). The argument is entirely in terms of Ohio's hearsay rules; no mention is made of the Confrontation Clause, the Sixth Amendment, or even the United States Constitution.

Petitioner's counsel cited no federal case law at all, but only two state cases. In *State v. Craig, supra*, the first state case cited, the Hamilton County Court of Appeals found that an Ohio defendant facing revocation of community control, the Ohio analogue to federal probation, has a Fourteenth Amendment right to confront his accuser at the revocation hearing, relying on *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). *Craig* was decided six years before *Crawford v. Washington*, 541 U.S. 36 (2004), the case which represents a major change in Confrontation Clause law at the Supreme Court level.

In *Brown, supra,* the Tenth District Court of Appeals applied *Crawford*. It held that the defendant in that case had forfeited his Confrontation Clause rights by causing the unavailability

5

of the out-of-court declarant by killing him. Although *Crawford* was applied, the principal point of the case was deciding the Ohio hearsay questions presented.

Thus neither the argument made in support of the First Assignment of Error nor the cases cited would have alerted the First District Court of Appeals that Williams was presenting a Confrontation Clause question to them. Nor did the Court of Appeals understand it was being presented with a Confrontation Clause question. It decided the First Assignment of Error entirely in terms of Ohio evidence law and whether the trial judge abused his discretion in admitting the contested statements, without citing the Confrontation Clause, the Sixth Amendment, or the United States Constitution (Judgment Entry, Return of Writ, Doc. No. 8, Ex. 8, PageID 125-129).

Nor did Petitioner's appellate counsel believe she had submitted a Confrontation Clause question which went unanswered: she prepared Mr. Williams appeal to the Ohio Supreme Court and did not mention the Constitution. In fact, her statement as to why this was a case of public or great general interest was that trial courts across the State were not properly applying the hearsay rules for lack of a definitive ruling from the Ohio Supreme Court (Memorandum in Support of Jurisdiction, Return of Writ, Doc. No. 8, Ex. 10, PageID 136-137).

Based on this analysis, the Magistrate Judge concludes that Petitioner's Confrontation Clause claims were not fairly presented to the Ohio courts and therefore are procedurally defaulted so that this Court cannot reach the merits of those claims.

**Alternative Merits Analysis**

In the alternative, were the Court to reach the merits, it should conclude that Petitioner's Confrontation Clause rights were not violated by the admission of the evidence of which he complains.

The Supreme Court has held that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has a prior opportunity for cross-examination.."  *Crawford,* 541 U.S. at 53-54.

The *Crawford* rule requires distinguishing between testimonial and non-testimonial statements; the Confrontation Clause applies only to the former category.  It does not, for example, bar admission of identifying hearsay testimony from a 911 operator because the caller's statements to the operator are not testimonial, but instead seek help in a current emergency.  However, a victim's statements about completed events to police who respond to a 911 call are testimonial and therefore inadmissible.  *Davis v. Washington*, 547 U.S. 813 (2006).

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.  They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id*., at 822.

To determine whether a statement is testimonial, the Sixth Circuit applies the following test:

> The proper inquiry, then, is whether the declarant intends to bear testimony against the accused. That intent, in turn, may be determined by querying whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime.

*United States v. Cromer,* 389 F.3d 662, 675 (6th Cir. 2004).

The first testimony complained of is Rhonda Wynn's testimony that, while she was with the victim, she heard him say to someone on his cell phone that he was meeting a man in Bond Hill for sex that night. The second testimony complained of is that of Frankie Coleman to whom Tate said that the man he was talking to in Bond Hill wanted $1,000 for a "hook up."[1] Since both of these happened before the shooting, they are obviously not testimonial.

The third statement was one made by an uncaptured participant in the robbery scheme named "Junior" to co-defendant Wright. The only argument made about this statement in state court was that an insufficient foundation had been laid for its admission under the co-conspirator exception to the hearsay rule. Regardless of the correctness of the state court ruling on that point, it is plain Junior was not making a testimonial statement when he spoke to Wright.

Finally, Williams objected to Crystal Russell's testimony about statements made to her by co-defendant Wright on the grounds that they were not properly characterized as prior consistent statements. Again, regardless of the correctness of the state court rulings here, the Confrontation Clause is not applicable because Wright was present in court and testified, subject to cross-examination.

In sum, Petitioner's claims construed as made under the Confrontation Clause, are without merit.

---

1 A colloquialism for casual sex, usually without money changing hands.

**Conclusion**

Petitioner Williams procedurally defaulted on his Confrontation Clause claims when he failed to fairly present them to the Ohio courts. Even if those claims had been preserved for decision on the merits in this Court, they should be dismissed with prejudice because there was no violation of Petitioner's Confrontation Clause rights. Because these conclusions would not be debatable among reasonable jurists, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July 23, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).